FILED

NOV 19 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARQUELL D. SAUCER,

    Petitioner,

v.

GARY SWARTHART, Warden,

    Respondent.

No. C 12-04569 EJD (PR)

ORDER REQUESTING MOTION TO DISMISS OR NOTICE THAT MOTION IS UNWARRANTED; GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

(Docket No. 2)

Petitioner, a state prisoner incarcerated at the California State Prison - Solano, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 2.)

## BACKGROUND

According to the petition, Petitioner pleaded guilty in Contra Costa County Superior Court to Penal Code § 187 (murder). (Pet. at 2.) Petitioner was sentenced on August 31, 1999, to twenty-five years to life. (Id.)

Petitioner appealed his conviction, and the state appellate court affirmed. (Id. at 3.) It appears the state high court denied review. (Id.)

Order Requesting MTD; Granting IFP
04569Saucer_req-mtd&ifp.wpd

Petitioner filed several state habeas petitions but he does not indicate the dates. Though his petition to the state supreme court was denied on August 8, 2012, with a citation to In re Robbins, 18 Cal.4th 770, 780 (1998). (Pet. at 37.) Petitioner filed the instant federal habeas petition on August 30, 2012.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)). The court may order the respondent to file another pleading where neither service nor summary dismissal is appropriate. See Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

### B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly

recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. See id. § 2244(d)(2).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The instant petition was filed on August 30, 2012, thirteen years after Petitioner's sentencing in August 1999. Although the one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," there is doubt whether Petitioner is entitled to tolling during the time his state habeas petitions were pending.[1] Accordingly, the instant petition appears to be untimely.

This apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the substantive claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, Respondent shall either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the Court that Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

---

[1] Petitioner's last petition to the state supreme court was denied with a citation to In re Robbins, 18 Cal. 4th 770, 780 (1998), which is a clear ruling that the petition was untimely. See supra at 2. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (citing Carey v. Saffold, 536 U.S. 214, 226 (2002)). In Pace, the Supreme Court held that "[b]ecause the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §2244(d)(2)." Id. at 413.

Order Requesting MTD; Granting IFP
04569Saucer_req-mtd&ifp.wpd

3

# CONCLUSION

In light of the foregoing, the Court orders as follows:

1. The Clerk of the Court shall serve by certified mail a copy of this order, the petition and all attachments thereto, upon Respondent and Respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve upon Petitioner, within **thirty (30) days** of the date this order is filed, a motion to dismiss the petition as untimely, or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

3. If Petitioner wishes to oppose the motion to dismiss, he shall do so by filing an opposition with the Court and serving it upon Respondent within **thirty (30) days** of his receipt of the motion to dismiss.

4. Respondent shall file and serve a reply within **fifteen (15) days** of receipt of Petitioner's opposition.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If Respondent notifies the Court that a motion to dismiss is unwarranted or the motion is denied, the Court will then determine whether to require an answer to the petition.

6. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved of his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than 5 days prior to the deadline sought to be

Order Requesting MTD; Granting IFP
04569Saucer_req-mtd&ifp.wpd

1 | extended.

2 |     8.    Petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is GRANTED.

This order terminates Docket No. 2.

DATED: 11/16/12

EDWARD J. DAVILA
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUELL D. SAUCER, | No. C 12-04569 EJD (PR) |
| Petitioner, | |
| vs. | CERTIFICATE OF SERVICE |
| GARY SWARTHART, Warden, | |
| Respondent. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on __11/19/12__, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Marquell D. Saucer**
P-52956
2100 Peabody Rd.,
Vacaville, CA 95696

DATED: __11/19/12__

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk